```
                    FILED
                  MAY 21 2007
          UNITED STATES BANKRUPTCY COURT
          EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 05-21713-D-13L |
| | ) Docket Control No. MWB-6 |
| GUY DIFFEE, | ) |
| | ) |
| Debtor. | ) DATE:  May 22, 2007 |
| | ) TIME:  1:00 p.m. |
| | ) DEPT:  D (Courtroom 34) |

### MEMORANDUM DECISION ON SECOND MOTION FOR APPROVAL OF ATTORNEYS FEES AND COSTS PAYABLE

Guy Diffee (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on February 17, 2005.  Mark W. Briden, Attorney at Law ("Counsel") has continuously acted as counsel for the Debtor and this is Counsel's second fee motion.  Through this second fee motion (the "Motion"), Counsel seeks additional compensation in the amount of $3,159.00 in fees and $41.20 in costs.  Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness pursuant to § 328 of the Code.

At the outset the court notes that there is nothing extraordinary about this Chapter 13 case, but rather the case is a relatively routine Chapter 13.  Further, the court notes that when considering the original fee that the Debtor paid, along with the

/ / /

fees already approved under Counsel's prior fee request, Counsel has already been paid a total of $3,837 in this case.[1]

Section 330 of the Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003). Section 330(a)(3) of the Bankruptcy Code states that in determining the amount of reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

The court finds that Counsel's hourly rate ($195 per hour) is reasonable, nor does the court have an issue with the quality of Counsel's services. With that said, the court does have concerns over whether the amount of time charged for specific tasks is reasonable. Specifically,

1. On August 17, 2005 Counsel charged 1.8 hours ($351.00) for "Formulation and Preparation re Docket Number MWB-3 Motion to Confirm Second Amended Plan (10-04-05)" This is a routine pleading. The court finds that 1.8 hours is excessive. A reasonable, if not generous, time allocation for preparation of this document is 1 hour. Accordingly, the court will allow 1 hour or $195.00. This will reduce the fee request by $156.

---

[1] The amount of fees estimated in the Second Amended Chapter 13 Plan filed August 18, 2005 and confirmed by order of the court on October 24, 2005 estimates the total fees to be $4,194.

2. On August 22, 2005 Counsel charged .5 hours ($97.50) for "Formulation and Preparation Notice of Filing of Second Amended Plan." This is a form pleading where only certain particulars need to be filled in. The court finds that .5 hours is excessive. A reasonable, if not generous, time allocation for preparation of this document is .3 hour. Accordingly, the court will allow .3 hours or $58.50. This will reduce the fee request by $39.

3. On October 4, 2005 Counsel charged .6 hours ($117.00) for "Formulation and Preparation re Order Confirming Second Amended Plan." This is a form pleading where only certain particulars need to be filled in. The court finds that .6 hours is excessive. A reasonable, if not generous, time allocation for preparation of this document is .3 hour. Accordingly, the court will allow .3 hours or $58.50. This will reduce the fee request by $58.50.

4. On April 16, 2007, 2005 Counsel charged 1.0 hours ($195.00) for "Review correspondence from Budget Finance Company re refinance of debtors personal residence." The court finds that 1.0 hours is excessive. A reasonable, if not generous, time allocation for this task is .5 hour. Accordingly, the court will allow .5 hours or $97.50. This will reduce the fee request by $97.50.

5. On April 16, 2007 Counsel charged .8 hours ($156.00) for "Prepare Declaration of Debtor in Support of Ex-Parte Application for Order Approving Refinance in Docket MWB-4." This declaration was not filed. The court will reduce the fee request by $156.00.

6. On April 17, 2007 Counsel charged 1.2 hours ($234.00) for "Prepare Modification to Second Amended Plan." This is a routine and form pleading where only certain particulars need to be filled in. The court finds that 1.2 hours is excessive. A reasonable, if not

generous, time allocation for preparation of this document is .8 hours. Accordingly, the court will allow .8 hours or $156. This will reduce the fee request by $78.[2]

7. On April 18, 2007 Counsel charged 1.4 hours ($273.00) for "Prepare Docket MWB-5, Motion for Order Approving Modification to Confirmed Second Amended Chapter 13 Plan and Notice of hearing." This is a routine pleading and the court finds that 1.4 hours is excessive. A reasonable, if not generous, time allocation for preparation of this document is .8 hour. Accordingly, the court will allow .8 hours or $156. This will reduce the fee request by $117.

In light of the above deductions, Counsel's request for fees of $3,159.00 will be reduced by $702.00 and the court will allow fees of $2,457 and costs of $41.20 for compensation totaling $2,498.20.

A separate order will be entered consistent with this memorandum decision.

Dated: MAY 21 2007

Robert S. Bardwil
United States Bankruptcy Judge

---

[2] The Modification to Second Amended Chapter 13 Plan is almost identical to the Second Amended Chapter 13 Plan that was filed August 18, 2005.

Case 05-21713    Filed 05/21/07    Doc 75

### Certificate of Service

I certify that on  MAY 21 2007  a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
P.O. Box 493085
Redding, CA 96049-3085

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT


By: _____
       Deputy Clerk